# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Timothy O'Laughlin, | Case No. 21-cv-851 (DSD/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Steve Kallis, | |
| Respondent. | |

Petitioner Timothy O'Laughlin was ordered to show cause as to why his 28 U.S.C. § 2241 petition for a writ of habeas corpus should not be stayed or dismissed. Order to Show Cause, Docket No. 3. He filed a timely response wherein he alleges that he is not required to exhaust administrative remedies, he filed this petition in the correct venue and he has unimpaired access to a habeas corpus petition under 18 U.S.C. § 4247(g). Petitioner's Response, Docket No. 6. For reasons that follow, this Court recommends that O'Laughlin's petition be dismissed because it is duplicative of prior and current litigation.

## FINDINGS OF FACT

O'Laughlin is confined at the Federal Medical Center in Rochester, Minnesota. He is committed pursuant to 18 U.S.C. § 4246 (hospitalization due to mental disease or defect). *See United States v. O'Laughlin*, Case No. 15-cv-3419-BP (W.D. Mo. 2016). O'Laughlin continues to dispute his confinement in the underlying case that resulted in his commitment. Most recently, in the spring of 2021, he filed numerous pro se motions for unconditional discharge, which have all been denied. *See e.g. United States v. O'Laughlin*, Case No. 15-cv-3419-BP, Docket Nos. 110, 125 (Orders denying a litany of

pro se motions filed by O'Laughlin, noting that he is represented by counsel and that he does not qualify for the relief he seeks). Matters in his original commitment case are actively pending before the United States Court of Appeals for the Eighth Circuit. *United States v. O'Laughlin*, Case No. 21-1611 (8th Cir. 2021). In the pending appeal, O'Laughlin is represented by counsel.

In addition to matters pending in the underlying commitment, O'Laughlin has also pursued habeas relief before the committing court on previous occasions. Most relevant to the present petition, O'Laughlin previously filed an identical petition in the Western District of Missouri in 2018. *See O'Laughlin v. Smith*, Case No. 18-cv-3237-BP (W.D. Mo. 2018). That petition was denied, *see id.*, Original Denial Order, Docket No. 15, and the denial was summarily affirmed, *O'Laughlin v. Smith*, Case No. 18-3749 (8th Cir. 2019). Although the original petition was denied, and the denial was affirmed, O'Laughlin has recently initiated multiple efforts in the Western District of Missouri to reopen those proceedings, and his latest attempt is currently pending on appeal. *See O'Laughlin v. Smith*, Case No. 21-1675 (8th Cir. 2021).

The present petition is an exact replica of the § 2241 petition that O'Laughlin filed in the Western District of Missouri in 2018. In his Response to the Order to Show Cause O'Laughlin makes three brief assertions: (1) he asserts that he is not required to exhaust administrative remedies; (2) he asserts that the District of Minnesota is the venue/district of his custody; and, (3) he asserts that he "challenges the validity to the facts. Lawfulness and the duration of the detention in an 18 U.S.C.S. 4247(g) habeas corpus unimpaired petition." Petitioner's Response 1, Docket No. 6.

**CONCLUSIONS OF LAW**

This Court will discuss each of O'Laughlin's three points raised in his response individually. First, O'Laughlin asserts that he is not required to exhaust administrative remedies for the Bureau of Prisons. Petitioner's Response 1, Docket No. 6. In support of this assertion, he cites a single page excerpt from the "Jailhouse Lawyer's Handbook" that he attached to his original petition. Exhibit, Docket No. 1-1. The excerpt briefly discusses the Prison Reform Litigation Act ("PLRA"). O'Laughlin is correct that the exhaustion requirement of the PLRA does not apply to him as a civil detainee. *See e.g. Perkins v. Hedricks*, 340 F.3d 582, 583 (8th Cir. 2003) (finding that the exhaustion requirement of the PLRA, 42 U.S.C. § 1997e(a) did not apply to a detainee who was civilly committed). However, this Court has not applied the exhaustion requirement to O'Laughlin, so this response to the Order to Show Cause is irrelevant.

Second, O'Laughlin asserts that the District of Minnesota is the correct venue for his § 2241 petition because he is located at FMC Rochester. Section 2241(a) provides that "[t]he order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had." Section 2241(b) further provides a judge with the authority to transfer an application for a writ of habeas corpus to the district court having jurisdiction to entertain it. O'Laughlin is correct that FMC Rochester is located within this judicial district, and thus this district is traditionally the correct forum for a § 2241 petition by an individual detained there. Although O'Laughlin is correct that this District would typically be the correct forum for his petition, this is also not responsive to the Order to Show Cause, because this Court did not suggest that he filed in the incorrect forum.

Third, and finally, O'Laughlin asserts that he challenges the lawfulness and duration of his detention in an "18 U.S.C.S. 4247(g) habeas corpus unimpaired petition." Petitioner's Response 1, Docket No. 6. As with O'Laughlin's other two assertions in his response to the Order to Show Cause, his assertion that he is allowed to bring an unimpaired habeas petition per § 4247(g) is not responsive to the reason he was ordered to show cause. The issue is not whether O'Laughlin can challenge his commitment via a habeas petition, rather, the issue is that O'Laughlin already has challenged his commitment via an identical habeas petition. Reading his response broadly, O'Laughlin appears to argue that limitations such as § 2244(a) do not apply to him because he has an unimpaired chance at habeas pursuant to § 4247(g). This is incorrect. A close reading of § 4247(g) and the sections it internally cites shows that § 4247(g) does not supplant the traditional bounds of habeas relief.

The first cannon of statutory interpretation requires this Court to assess the plain text of the statute. A court is to "presume that the legislature says in a statute what it means and means in a statute what it says there." *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004), *quoting Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992). If the text of a statute is clear, a court need not inquire further into the meaning of the statute. *Id; See e.g. Owner-Operator Independent Drivers Ass'n, Inc. v. Supervalu, Inc.*, 651 F.3d 857, 862 (8th Cir. 2011) (if the language of a statute is unambiguous, then a court need not examine it further to discern its meaning)*.* Additionally, a court considers whether the statutory context supports the plainest meaning of the text. *Id.* at 185. A court must "interpret the relevant words not in a vacuum, but with reference to the

statutory context, "structure, history, and purpose." *Abramski v. United States*, 573 U.S. 169, 179 (2014), *citing Maracich v. Spears*, 570 U.S. 48, 76 (2013).

      O'Laughlin's assertion that he has an unimpaired opportunity to seek habeas relief pursuant to § 4247(g) is not an accurate reading of § 4247(g) in light of the plain language and statutory context.  Section 4247(g) is titled "habeas corpus unimpaired," and it states, "nothing contained in section 4243, 4246, or 4248 precludes a person who is committed under either of such sections from establishing by writ of habeas corpus the illegality of his detention."  The plain language of Section 4247(g) establishes that an individual may seek habeas corpus relief unimpaired by sections 4243, 4246, and 4248, not that an individual may seek habeas corpus relief unimpaired by any other statute.  The content of those three sections gives additional meaning to the text of § 4247(g).  For example, § 4246 sets parameters for the hospitalization and the eventual release of an individual against whom criminal charges have been dismissed, but who would pose a risk to the community if released immediately.  Section 4246(d) and (e) set standards to evaluate a hospitalized individual for potential release.  Thus, by providing access to habeas corpus "unimpaired," § 4247(g) gives a hospitalized individual an avenue to seek release in addition to the methods contemplated by § 4246 (d) and (e).  The same is true of § 4243 (hospitalization of a person found not guilty by insanity) and § 4248 (civil commitment of a sexually dangerous person).  Both of those sections contemplate avenues to seek discharge, and § 4247(g) merely adds an additional avenue to seek release.  Thus, § 4247(g) says what it means—regardless of the parameters set by the three listed sections, a petitioner may resort to the habeas statutes to seek release.

Context also supports the conclusion that the term unimpaired in § 4247(g) means only unimpaired by the enumerated sections (§§ 4243, 4246, 4248). The specific inclusion of §§ 4243, 4246, and 4248 in § 4247(g) is important because it shows that the legislation specifically identifies what barriers to habeas relief it intends to remove. If the legislature also meant to allow a habeas petition unimpaired by rules of the habeas statutes such as § 2244(a), they would have simply needed to include it in the list alongside these three sections. Thus, based on both the plain language, and the context of the sections enumerated within § 4247(g), it is clear that the statute does not exempt a habeas corpus petition from any restrictions created by other statutes. Because § 4247(g) does not exempt O'Laughlin from statutes other than §§ 4243, 4246 and 4248, this Court will also examine the viability of his petition in light of applicable limitations on habeas relief.

The type of habeas relief available to a civil detainee such as O'Laughlin is § 2241 because this section allows individuals to seek release absent a criminal conviction and sentence. *See e.g. Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) (a civil detainee is correct to seek relief under § 2241 because he is not eligible for relief under § 2255). The federal habeas statute gives the United States district courts authority to entertain petitions for habeas relief from individuals held in violation of the Constitution or laws or treaties of the United States. 18 U.S.C. § 2241(c)(3). Although § 2241 is subject to less procedural requirements than other habeas vehicles such as §§ 2254 or 2255, its scope is limited in some respects.

Relevant to the present petition, district courts have found it appropriate to deny a § 2241 as duplicative or abusive if the petition presents identical issues to those already

considered by another district court. As this Court explained in the Order to Show Cause, district courts have applied 28 U.S.C. § 2244(a) to dismiss duplicative petitions. *See, e.g.*, *Irvin-Bey v. Hendrix*, 2020 WL 3088085 (E.D. Ark. 2020) (applying § 2244(a) to dismiss a petitioner's third petition under § 2241 because it asserted claims that either were or could have been asserted in prior habeas petitions); *Mendez v. Paul*, 2019 WL 5150038, Case No. 19-cv-183 (PAM/LIB) (dismissing a successive § 2241 petition because the claims could have been raised in two prior petitions brought in the district, or in other petitions in other districts); *see also Thunder v. Jett*, 2010 WL 3810792 (D. Minn. 2010) (explaining the parameters of § 2244(a) and the applicability to duplicative § 2241 petitions). Section 2244(a) provides that a circuit or district judge shall not be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person if the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus. 28 U.S.C. § 2244(a).

In *Perales v. United States*, a petitioner sought habeas relief from his confinement at FMC Rochester where he was detained pursuant to an order of commitment under 18 U.S.C. § 4246. 2014 WL 3384698, Case No. 14-1722 (JNE/JJG) (D. Minn. 2014) (Report and Recommendation adopted). In a Report and Recommendation, the *Perales* Court noted that petitioner had filed numerous other habeas actions (under § 2241 and 28 U.S.C. § 2255) prior to filing the § 2241 petition under consideration. All the petitions shared a common "generic claim" that petitioner was committed repeatedly without a trial. The Report and Recommendation concluded that the § 2241 petition under consideration should be denied under § 2244(a) because the generic claim was or could have been

raised in prior petitions before the court. The Report and Recommendation was adopted, and the petitioner's claim was denied.

O'Laughlin's present petition is similar to others dismissed under § 2244(a) as duplicative. As this Court previously noted, it is an exact replica of his 2018 petition filed in the Western District of Missouri. Not only was that petition denied both in the district court and on appeal, but now it is again being considered because O'Laughlin has made efforts to revive that case. *See O'Laughlin v. Smith*, Case No. 21-1675 (8th Cir. 2021). Given the complete duplicity of the claims in that 2018 petition and the present petition, this Court recommends that O'Laughlin's petition be dismissed under § 2244(a) because another court has already considered the substance of the claims presented. The case for dismissal is even more compelling than a situation like *Perales* because O'Laughlin is actively litigating his old § 2241 petition. If this Court did not recommend dismissal, it would run this risk of issuing a conflicting or overlapping ruling that is at odds with the outcome of the petition pending before the Eighth Circuit. The recommended dismissal does not prevent O'Laughlin from attempting habeas relief in this District at a later date if it becomes more appropriate. The central reason for this dismissal is that O'Laughlin is actively litigating the very same claims he presents in this petition before the Eighth Circuit by way of his 2018 petition from the Western District of Missouri. This Court is not recommending that O'Laughlin's petition be dismissed as a way to preclude him from seeking habeas relief or to inhibit his rights under § 4247(g), it is merely recommending dismissal to avoid duplicative litigation. Therefore, based on the foregoing explanation, this Court hereby recommends that O'Laughlin's petition be dismissed without prejudice

under § 2244(a) because it is an exact replica of the 2018 petition from the Western District of Missouri that is currently pending on appeal before the Eighth Circuit.

This Court also notes that nothing about the dismissal of this duplicative § 2241 petition prevents O'Laughlin from seeking his release via § 4247(h), which provides that "counsel for the person [detained] or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility." 18 U.S.C. § 4247(h).  The Eighth Circuit noted in *Archuleta*, that at least one other civil detainee has utilized the procedure set forth in § 4247(h) to seek discharge.  *See Archuleta*, 365 F.3d at 649, *citing United States v. Budell*, 187 F.3d 1137 (9th Cir. 1999). The Eighth Circuit also noted in *Archuleta* that the correct venue for a § 4247(h) motion is the original court that issued the commitment order, and it suggested that the original court of commitment may also be the correct venue for proceedings brought under § 4247(g).[1]  Thus, the dismissal of this petition as duplicative does not leave O'Laughlin without recourse, instead, it encourages the resolution of O'Laughlin's contentions by the court of commitment.

## RECOMMENDATION

For the reasons set forth above, this Court RECOMMENDS THAT Petitioner O'Laughlin's § 2241 Petition [Dkt. No. 1] be DISMISSED without prejudice.  This Court will likewise RECOMMENDS that O'Laughlin's application to proceed in forma pauperis

---

[1] This Court acknowledges that under *Archuleta* it could recommend that this petition be transferred to the Western District of Missouri, however, because it is identical to the 2018 § 2241 petition originally filed in that court and currently pending before the Eighth Circuit, it finds that such a recommendation is not warranted.

[Dkt. No. 2] be DENIED as moot in light of the recommendation that the underlying petition be dismissed.

Dated: April 30, 2021                             s/David T. Schultz
                                                      DAVID T. SCHULTZ
                                                     U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).